Robert W. Freeman, Jr., Esq.
Nevada Bar No. 003062
LAW OFFICES OF ROBERT FREEMAN
375 Stephanie Street
Building 8
Henderson, Nevada 89014
(702) 990-4913
Attorneys for Defendants
   CITY OF NORTH LAS VEGAS

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * * * *

| | | |
|---|---|---|
| LOVE HOLLOWAY, | ) | |
| | ) | |
| Plaintiff | ) | Case No: |
| vs. | ) | |
| | ) | CV-S-05-0370-JCM-RJJ |
| PETER BALDONADO, individually and in his official capacity as former investigator for the Office of the Clark County District Attorney; STEWART BELL, individually and in his capacity as former Clark County District Attorney; DAVID ROGER, individually and in his official capacity as Clark County District Attorney; BILL YOUNG, individually and in his official capacity as Sheriff of the Las Vegas Metropolitan Police Department; CLARK COUNTY, a political subdivision of the State of Nevada, on relation of its Office of the Clark County District Attorney, and on its relation of its Las Vegas Metropolitan Police Department; CITY OF NORTH LAS VEGAS, a municipal corporation existing under the laws of the Sate of Nevada in the County of Clark ex rel. its North Las Vegas Police Department; DOES 1 through X; inclusive; and ROES I through X, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## PETITION FOR REMOVAL

Pursuant to 28 U.S.C.§ 1446 (a), Defendant, City of North Las Vegas, files this Petition for Removal of Clark County District Court Case # A498609 entitled <u>Love Holloway v. Peter Baldonado, et al.</u> and states as follows:

1

1. The City of North Las Vegas is a Defendant in the above entitled action commenced in the District Court, Clark County, Nevada, and now pending in that Court.

2. Service of summons and complaint on the City of North Las Vegas was made on March 9, 2005.

3. The complaint concerns a claim by Plaintiff that her rights were violated when she was assaulted by Defendant Baldonado who was acting under color of law. Plaintiff's complaint includes causes of action pursuant to 42 U.S.C., Sections 1981, 1983 and 1988 and several state law torts.

4. This Court has original jurisdiction over the subject matter of this action under the provisions of § 1331 of Title 28 of the United States Code in that it is an action seeking to redress Plaintiff's deprivation of rights and privileges secured by the Constitution of the United States.

5. Pursuant to §1441 of Title 28 of the United States Code, Defendant is therefore entitled to remove this action to this Federal Court.

6. Copies of the Summons and Complaint from the State Court file are attached and marked respectively Exhibits A and B, constituting all of the papers and pleadings served on Defendant.

7. Based on the foregoing, Defendant removes the above action now pending in the District Court, Clark County, Nevada as case # A498609 to this Court.

DATED this 16 day of March, 2005.

THE FREEMAN LAW FIRM

By _____
Robert W. Freeman, Jr., Esq.
Nevada Bar #003062
375 Stephanie Street
Building 8
Henderson, Nevada 89014
Attorneys for Defendant.

Page 2

## CERTIFICATE OF MAILING

I hereby certify that on the __18__ day of March, 2005, I mailed a copy of the foregoing **PETITION FOR REMOVAL** in a sealed envelope, to the following counsel of record and that postage was fully prepaid thereon:

Richard A. Harris, Esq.
HARRIS LAW FIRM
801 S. Fourth Street
Las Vegas, Nevada 89101
Attorney for Plaintiff

William C. Jeanney, Esq.
BRADLEY, DRENDEL, & JEANNEY, LTD.
401 Flint Street
Reno, Nevada 89501

Thomas D. Dillard, Jr.
RAWLINGS, OLSON, CANNON
    GORMLEY & DESRUISSEAUX
9950 W Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendants
Clark County and Bill Young

_____
Employee of ROBERT FREEMAN, LTD.

Page 3

**Exhibit "A"**

RECEIVED
CITY CLERK'S OFFICE
NORTH LAS VEGAS

2005 MAR -1 AM [...]

Richard A. Harris, Esq.
Nevada State Bar No. 505
**HARRIS LAW FIRM**
801 S. Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 385-1400

William C. Jeanney, Esq.
Nevada State Bar No. 1235
**BRADLEY, DRENDEL & JEANNEY, LTD.**
401 Flint Street
Reno, Nevada 89501
Telephone: (775) 335-9999
*Attorneys for Plaintiffs*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

A498609

XXI

| | |
|---|---|
| LOVE HOLLOWAY, | CASE NO.: |
| | DEPT. NO: |
| Plaintiff, | |
| vs. | |
| | SUMMONS |
| PETER BALDONADO, individually and in his official capacity as former investigator for the Office of the Clark County District Attorney; STEWART BELL, individually and in his official capacity as former Clark County District Attorney; DAVID ROGER, individually and in his official capacity as Clark County District Attorney; BILL YOUNG, individually and in his official capacity as Sheriff of the Las Vegas Metropolitan Police Department; CLARK COUNTY, a political subdivision of the State of Nevada, on relation of its Office of the Clark County District Attorney, and on relation of its Las Vegas Metropolitan Police Department; CITY OF NORTH LAS VEGAS, a municipal corporation existing under the laws of the State of Nevada in the County of Clark ex rel. | |

03/10/2005 10:33 7026498879 NLV CITY ATTORNEY PAGE 17

its North Las Vegas Police Department; DOES I )
through X; inclusive; and ROES I through X, )
inclusive, )
                                              )
            Defendants.                       )

## SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

### CITY OF NORTH LAS VEGAS

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
   b. Serve a copy of your response upon the attorney whose name and address is shown below.
2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.
3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

/s/ Richard A. Harris

RICHARD A. HARRIS, ESQ.
Nevada Bar No. 505
801 S. Fourth Street
Las Vegas, Nevada 89101
(702) 385-1400

SHIRLEY B. PARRAGUIRRE, CLERK OF COURT

**JOHN TAWNEY**

By: _____
Deputy Clerk                Date JAN 2 5 2005
County Courthouse
200 South Third Street
Las Vegas, Nevada 89155

2

**Exhibit "B"**

1  **COMP**
Richard A. Harris, Esq.
2  Nevada State Bar No. 505
**HARRIS LAW FIRM**
3  801 S. Fourth Street
Las Vegas, Nevada 89101
4  Telephone: (702) 385-1400
5
William C. Jeanney, Esq.
6  Nevada State Bar No. 1235
**BRADLEY, DRENDEL & JEANNEY, LTD.**
7  401 Flint Street
Reno, Nevada 89501
8  Telephone: (775) 335-9999
*Attorneys for Plaintiffs*
9

**FILED**
JAN 25  4 10 PM '05
Shirley B. Parraguirre
CLERK

**A498609**

10
DISTRICT COURT
11
CLARK COUNTY, NEVADA
12
13
14  LOVE HOLLOWAY,                                ) CASE NO.:
                                                  ) DEPT. NO:    XXI
15              Plaintiff,                        )
16                                                )
       vs.                                        )
17                                                ) **COMPLAINT**
       PETER BALDONADO, individually and in       )
18     his official capacity as former investigator for )
       the Office of the Clark County District     ) Arbitration Exemption Requested (Probable Jury
19     Attorney; STEWART BELL, individually       ) Award Value in Excess of $40,000)
       and in his official capacity as former Clark )
20     County District Attorney; DAVID ROGER,    )
       individually and in his official capacity as  )
21     Clark County District Attorney; BILL       )
22     YOUNG, individually and in his official    )
       capacity as Sheriff of the Las Vegas       )
23     Metropolitan Police Department; CLARK     )
       COUNTY, a political subdivision of the State )
24     of Nevada, on relation of its Office of the )
       Clark County District Attorney, and on     )
25     relation of its Las Vegas Metropolitan Police )
26     Department; CITY OF NORTH LAS             )
       VEGAS, a municipal corporation existing    )
27     under the laws of the State of Nevada in the )
       County of Clark ex rel. its North Las Vegas )
28

OC Ans due 4/25

Police Department; DOES I through X; inclusive; and ROES I through X, inclusive,

Defendants.

COMES NOW Plaintiff, above-named, acting by and through her counsel, above named, and, alleges as follows:

## PARTIES

1. At all times relevant hereto, Plaintiff LOVE HOLLOWAY was an African-American female residing in Clark County, Nevada.

2. At all times relevant hereto, Defendant PETER BALDONADO (BALDONADO), was duly employed by Defendants STEWART BELL (BELL), as former Clark County District Attorney; by DAVID ROGER (ROGER), Clark County District Attorney; and by CLARK COUNTY, a political subdivision of the State of Nevada.

3. At times relevant hereto, Defendant BELL was the duly appointed and acting Clark County District Attorney, was responsible for the operation and control of the Office of the Clark County District Attorney, responsible for the supervision of Defendant BALDONADO, and was a resident of Clark County, Nevada. With respect to all allegations made herein against Defendant BELL, said Defendant was acting in an administrative capacity and as a policymaker for Defendant CLARK COUNTY.

4. At times relevant hereto, Defendant ROGER was the duly appointed and acting Clark County District Attorney, was responsible for the operation and control of the Office of the Clark County District Attorney, responsible for the supervision of Defendant BALDONADO, and was a resident of Clark County, Nevada. With respect to all allegations made herein against Defendant ROGER, said Defendant was acting in an administrative capacity and as a policymaker for Defendant CLARK COUNTY.

2

5. At all times relevant hereto. Defendant BILL YOUNG was the duly elected and acting Sheriff of the Las Vegas Metropolitan Police Department, was employed by Defendant CLARK COUNTY, was a resident of Clark County, Nevada, and was acting as a policymaker for Defendant CLARK COUNTY.

6. At all times relevant hereto, Defendant CLARK COUNTY was a political subdivision of the State of Nevada, and was responsible for the customs, practices, and policies in its various departments and divisions, including, but not limited to, its Office of the Clark County District Attorney and its Las Vegas Metropolitan Police Department.

7. At all times relevant hereto, Defendant CITY OF NORTH LAS VEGAS was a municipal corporation existing under the laws of the State of Nevada, and was responsible for the customs, practices, and policies in its various departments and divisions, including, but not limited to, its North Las Vegas Police Department.

8. Plaintiff is unaware of the true names of the Defendants designated as DOES I through X, inclusive, and ROES I through X, inclusive. Plaintiff is informed and believes and, on that basis, alleges that each of said fictitiously designated Defendants is in some manner legally responsible for the damages Plaintiff has sustained, as alleged herein. When Plaintiff becomes aware of the true names of said Defendants, she will seek leave to amend his Complaint in order to state the true names in the place and stead of such fictitious names.

9. At all relevant times, each Defendant was the agent or employee of each other Defendant and was acting within the course and scope of such agency or employment. At all relevant times, each Defendant was a "person" within the meaning of 42 U.S.C. § 1983.

///

///

3

## FACTS UNDERLYING PLAINTIFF'S CLAIMS

10. Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though such allegations were here set forth at length.

11. At times relevant hereto, Defendant BALDONADO was acting as an investigator for Defendants BELL and/or ROGER, and Defendant CLARK COUNTY, and was responsible for, among other things, causing subpoenas to be issued, serving subpoenas, and contacting and interviewing victims and witnesses involved in cases prosecuted by the Office of the Clark County District Attorney.

12. In 2001 Defendants, and each of them, were made aware of complaints and allegations against Defendant BALDONADO for improper conduct under the pretense of color of law including, but not limited to, the extortion of sexual favors from African-American females in return for ostensibly quashing subpoenas and/or "fixing" warrants.

13. From the nature of such complaints and allegations, Defendants, and each of them, were aware that Defendant BALDONADO's conduct violated his victims' rights protected by the Constitution of the United States, as well as by federal statutes.

14. Defendants, and each of them, were responsible to investigate the complaints and allegations made against Defendant BALDONADO, prior to November 28, 2003, and based on such investigation, to take appropriate corrective measures.

15. Defendants, and each of them, despite their aforementioned knowledge, allowed Defendant BALDONADO to continue in his duties of causing subpoenas to be issued, serving such subpoenas, and interviewing victims and witnesses in cases prosecuted by the Office of the Clark County District Attorney.

///

4

16. In failing to fulfill their aforementioned responsibilities to investigate and correct Defendant BALDONADO's conduct, Defendants, and each of them, exhibited deliberate indifference to further violations of rights protected by the Constitution of the United States and federal statutes.

17. Plaintiff was ostensibly scheduled to appear as a witness in the case of State of Nevada v. Kenneth C. Curtis, Case # 98150164X/C150164 ("State v. Curtis").

18. On or about November 27, 2003, Defendant BALDONADO contacted Plaintiff to arrange a meeting with her to, allegedly, discuss State v. Curtis.

19. Defendant BALDONADO requested to meet Plaintiff at Plaintiff's house on November 28, 2003, to, allegedly, discuss State v. Curtis.

20. On November 28, 2003, during the course of the aforementioned discussion of the State v. Curtis case, Defendant BALDONADO sexually assaulted and forcibly raped Plaintiff in her home.

21. As a direct and proximate result of the conduct of Defendants, and each of them, Plaintiff's constitutionally protected rights, including but not limited to her right to bodily integrity, have been violated; she has suffered physical injury, pain and suffering, as well as severe emotional distress and anguish, all to her damage in excess of TEN THOUSAND DOLLARS ($10,000), the exact amount to be proved at trial.

22. Plaintiff LOVE HOLLOWAY has been required to retain the services of legal counsel in order to prosecute her claims and is entitled to an award of reasonable attorneys' fees, according to law.

///

///

5

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 - Substantive Due Process Violations-Official Capacity-Acts of Policymakers and/or Acts Pursuant to Established Custom and/or De Facto Policy)

23. Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though such allegations were here set forth at length.

24. At all relevant times, Plaintiff LOVE HOLLOWAY, had a right, protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, to be free from violation of her bodily integrity by Defendants, and each of them, acting in their official capacities.

25. Defendants, and each of them, failed to fulfill their respective duties to investigate and correct Defendant BALDONADO's sexual misconduct and, by such failure, exhibited deliberate indifference to further violations of rights protected by the Constitution of the United States and federal statutes.

26. At all relevant times and in all relevant respects, Defendants, and each of them, acted as a policymaker for Defendants CLARK COUNTY and/or CITY OF NORTH LAS VEGAS, and each of their actions was undertaken pursuant to established customs and/or de facto policies of Defendant CLARK COUNTY and/or CITY OF NORTH LAS VEGAS of permitting, condoning, and/or ratifying Defendant BALDONADO'S sexual assaults, under pretense of the color of state law, of African-American females.

27. The aforementioned established customs and de facto policies were the moving force behind the violation of Plaintiff LOVE HOLLOWAY's constitutional protected rights.

28. As a direct and legal result of the foregoing, Plaintiff LOVE HOLLOWAY has sustained damages as set forth in paragraphs 21 and 22, above.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

## SECOND CLAIM FOR RELIEF
(42 U.S.C. § 1983 - Substantive Due Process Violations-Official Capacity-Failure to Train, Supervise, and Control Employees)

29. Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though such allegations were here set forth at length.

30. At all relevant times, Defendants CLARK COUNTY and CITY OF NORTH LAS VEGAS had actual or constructive notice that there was an obvious need to properly train, supervise, and control all employees charged with responsibility for preventing nonfeasance and/or abuse of the powers invested in the Office of the Clark County District Attorney, the Las Vegas Metropolitan Police Department, and North Las Vegas Police Department.

31. Defendants CLARK COUNTY and CITY OF NORTH LAS VEGAS acted with deliberate indifference to such obvious need by failing to provide training, supervision, and control of such employees.

32. The failure of CLARK COUNTY and CITY OF NORTH LAS VEGAS to provide adequate training, supervision, and control of such employees was the moving force behind the violation of Plaintiff LOVE HOLLOWAY'S federally protected rights, under color of state law, and also constituted ratification and condonation of such violation.

33. As a direct and legal result of the foregoing, Plaintiff LOVE HOLLOWAY has sustained damages as set forth in paragraphs 21 and 22, above.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

## THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983 - Substantive Due Process Violations-Individual Capacity)

34. Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though such allegations were here set forth at length.

///

7

35. The individual Defendants, and each of them, by their conduct alleged above and under color of law: 1) set in motion a series of actions by themselves or by others which each knew or reasonably should have known would cause others to inflict the constitutional injury to Plaintiff LOVE HOLLOWAY; 2) knowingly refused to terminate a series of such actions which each knew or reasonably should have known would cause the constitutional injury to Plaintiff LOVE HOLLOWAY; 3) culpably acted or failed to act in the training, supervision, and control of his or her subordinates; and 4) otherwise showed a reckless or callous indifference to the rights of others, including Plaintiff LOVE HOLLOWAY.

36. As a direct and legal result of the foregoing, Plaintiff LOVE HOLLOWAY has sustained damages as set forth in paragraphs 21 and 22, above.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

### FOURTH CLAIM FOR RELIEF
(42 U.S.C. § 1981 - Racially Motivated Disparate Treatment of Plaintiff)

37. Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though such allegations were here set forth at length.

38. At all relevant times, Plaintiff LOVE HOLLOWAY was entitled, pursuant to 42 U.S.C. § 1981, to be free from invidious racial discrimination, at the hands of the Defendants, and each of them, and was entitled to be subject to the same pains, punishments, and penalties as white citizens.

39. Plaintiff LOVE HOLLOWAY is informed and believes, and based thereon alleges, that the aforementioned conduct of Defendants, and each of them, was motivated by the fact that those lodging complaints and allegations against Defendant BALDONADO were African-American females, as is Plaintiff, and that all of Defendant BALDONADO's victims were also African-American females.

8

40. As a direct and legal result of the foregoing, Plaintiff LOVE HOLLOWAY has sustained damages as set forth in paragraphs 21 and 22, above.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

### FIFTH CLAIM FOR RELIEF
### (42 U.S.C. § 1988 - Attorneys' Fees)

41. Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though such allegations were here set forth at length.

42. Pursuant to 42 U.S.C. § 1988, Plaintiff LOVE HOLLOWAY is entitled to an award of attorneys' fees incurred in the prosecution of the foregoing claims.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

### SIXTH CLAIM FOR RELIEF
### (State Common Law - Negligent Hiring, Retention, and Supervision of Employee BALDONADO)

43. Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though such allegations were here set forth at length.

44. Defendants BELL, ROGER, and CLARK COUNTY, and each of them, had a legal duty to Plaintiff LOVE HOLLOWAY to exercise due care in the hiring, retention, and supervision of Defendant BALDONADO as an investigator for the Office of the Clark County District Attorney.

45. Said Defendants, and each of them, failed to exercise due care in the hiring, retention, and supervision of Defendant BALDONADO and therefore breached their legal duty to Plaintiff LOVE HOLLOWAY.

46. As a direct and legal result of said Defendants' breach of their respective4 duties, LOVE HOLLOWAY has sustained damages as set forth in paragraphs 21 and 22, above.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

9

## SEVENTH CLAIM FOR RELIEF
### (State Common Law - Battery)

47. Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though such allegations were here set forth at length.

48. Defendant BALDONADO'S aforementioned conduct toward Plaintiff LOVE HOLLOWAY involved a harmful and offensive touching, thus constituting a battery.

49. As a direct and legal result of said Defendants' breach of their respective4 duties, LOVE HOLLOWAY has sustained damages as set forth in paragraphs 21 and 22, above.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

## EIGHTH CLAIM FOR RELIEF
### (State Common Law - False Imprisonment)

50. Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though such allegations were here set forth at length

51. Defendant BALDONADO'S aforementioned conduct toward Plaintiff LOVE HOLLOWAY amount to a false imprisonment of her.

52. As a direct and legal result of said Defendants' breach of their respective4 duties, LOVE HOLLOWAY has sustained damages as set forth in paragraphs 21 and 22, above.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

## NINTH CLAIM FOR RELIEF
### (State Common Law - Intentional Infliction of Emotional Distress)

53. Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though such allegations were here set forth at length.

54. Defendants, and each of them, engaged in extreme and outrageous conduct toward LOVE HOLLOWAY with the intention of, or reckless disregard for, causing emotional distress to her.

10

55. As a direct and legal result of said Defendants' breach of their respective4 duties, LOVE HOLLOWAY has sustained damages as set forth in paragraphs 21 and 22, above.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

### TENTH CLAIM FOR RELIEF
### (State Common Law - Negligent Infliction of Emotional Distress)

56. Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though such allegations were here set forth at length.

57. Defendants, and each of them, had a duty to exercise due care so as not to inflict emotional distress on Plaintiff LOVE HOLLOWAY.

58. Defendants, and each of them, violated such duty by acting negligently toward the interests of Plaintiff LOVE HOLLOWAY.

59. As a direct and legal result of said Defendants' breach of their respective4 duties, LOVE HOLLOWAY has sustained damages as set forth in paragraphs 21 and 22, above.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

### ELEVENTH CLAIM FOR RELIEF
### (State Common Law - Respondeat Superior)

60. Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though such allegations were here set forth at length.

61. Because each Defendant was acting as an agent or employee of each other Defendant, and was acting within the course and scope of such agency or employment, each Defendant is vicariously liable for the conduct of each other Defendant under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays judgment be entered as set forth below.

///

11

## TWELFTH CLAIM FOR RELIEF
### (Punitive Damages)

62.  Plaintiff incorporates by this reference each and every allegation made in the previous paragraphs of this Complaint, as though such allegations were here set forth at length.

63.  Defendants, and each of them, acted despicably with evil motive or intent, or with reckless or callous disregard for the rights of Plaintiff LOVE HOLLOWAY, including her constitutional rights, and each should be punished and made an example of by an award of punitive or exemplary damages in an amount to be proved at trial.

## PRAYER

WHEREFORE Plaintiff prays judgment be entered as follows:

1.  For general damages in an amount in excess of TEN THOUSAND DOLLARS ($10,000), the exact amount to be proved at trial;

2.  For special damages in an amount to be proved at trial;

3.  For punitive or exemplary damages in an amount to be proved at trial;

4.  For attorneys' fees in an amount to be proved at trial;

5.  For pre- and post-judgment interest and costs of suit, as provided by law; and

6.  For such other and further relief as the Court deems just and proper.

DATED this 25th day of January, 2005.

HARRIS LAW FIRM

By _____
Richard A. Harris, Esq.
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorney for Plaintiffs*

12